IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| L.T. THOMAS, | ) | 4:11CV3161 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| ROBERT HOUSTON, | ) | |
| | ) | |
| Respondent. | ) | |

The court has carefully reviewed L.T. Thomas's ("Thomas") Petition for Writ of Habeas Corpus, the State Court Records, and the parties' Briefs. In light of the complicated procedural and legal issues involved, the court finds that counsel should be appointed to represent Thomas in this matter. See *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997) ("There is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment] is committed to the discretion of the trial court.").

As set forth below, the Federal Public Defender's Office for the District of Nebraska is appointed to represent Thomas. Counsel for Thomas and Respondent should note that the court's decision to appoint counsel in this matter is particularly driven by the issue involving the testimony of the State's eye-witnesses, Aybar Crawford ("Crawford").[1] Specifically, whether Crawford (who was awaiting sentencing on a Class III felony at the time of Thomas's trial) and the Douglas County Attorney's Office had an understanding or agreement about Crawford's future sentencing that should have been disclosed to the jury. Here, the parties should consider whether the Douglas County District Court's October 9, 2008, order

---

[1] While the court calls attention to this issue, there may be others raised, or not raised, by Thomas requiring further briefing and/or an evidentiary hearing. This Memorandum and Order is not intended to limit Thomas's claims.

addressing the merits of this issue was contrary to or involved an unreasonable application of clearly established federal law, or resulted in a decision what was based on an unreasonable determination of the facts in light of the evidence. (Opinion available at Filing No. 12-14, Attach. 14, at CM/ECF pp. 84-86.)

As this court understands it, the evidence before the Douglas County District Court was as follows:

    1.    At Thomas's trial, Crawford testified that he was receiving no benefit from testifying against Thomas, that he had never spoken to the prosecutor in Thomas's case about his pending criminal case, and that no one from the county attorney's office had promised him anything in return for his testimony.

    2.    Following trial, the prosecutor stated in deposition testimony that he had informed Crawford that if he cooperated in testifying against Thomas, his cooperation would be made known to the sentencing judge. (Filing No. 12-13, Attach. 13, at CM/ECF p. 28) ("I'm sure - - I'm sure I told Mr. Crawford that if he cooperated, that it would be made known to his judge.").)

    3.    Crawford did receive benefits from the State in return for his cooperation. The record reflects that Crawford's sentencing was intentionally postponed until after he testified against Thomas, and that he received probation as a result of his cooperation. During a hearing on Crawford's probation violation, Crawford's sentencing judge stated, "[t]hat's what I thought, that we waited until about a year until we saw what your co[o]peration was like and it was fine. And that's the main reason I put you on probation." (Filing No. 12-13, Attach. 13, at CM/ECF p. 17.)

2

In reaching its decision on this issue, the Douglas County District Court cited state and federal law. It relied primarily on the Nebraska Supreme Court's decision in *State v. Robinson*, 715 N.W.2d 531 (2006). In *Robinson*, the Nebraska Supreme Court determined that an expectation of leniency on the part of a witness need not be revealed to the jury, absent evidence of any expressed or implied agreement. 715 N.W.2d at 552. Based on the evidence before it, the Douglas County District Court determined that Thomas had not shown that an express or implied agreement between Crawford and the State existed. (Filing No. 12-14, Attach. 14, at CM/ECF p. 85.)

Here, there is some question regarding whether the Douglas County District Court's decision on the issue of Crawford's testimony was unreasonable in light of the evidence before it, and unreasonable in light of clearly established federal law. As such, the court finds that the appointment of counsel is necessary.

IT IS THEREFORE ORDERED that:

1.     The Federal Public Defender's Office for the District of Nebraska is appointed to represent Thomas.

2.     An attorney from the Federal Public Defender's Office shall promptly enter his appearance as counsel in this matter.

3.     No later than July 31, 2012, counsel for Thomas shall file an amended petition for writ of habeas corpus. The amended petition must address the issue set forth by the court above, and must also address (1) whether any of Thomas's claims are procedurally defaulted, (2) whether there is cause and prejudice to excuse the default of Thomas's claims, and (3) for those claims that the Nebraska state courts have adjudicated on the merits, whether the Nebraska state courts' decisions were an unreasonable application of law or facts in light of clearly established federal law.

4.	Following the filing of the amended petition, the court will enter an order progressing this matter to disposition.

5.	Although counsel has been appointed, this matter will remain assigned to the pro se docket and the pro se staff will remain responsible for the case management of this matter.

6.	Magistrate Judge Zwart will remain the magistrate judge assigned to this matter.

7.	The clerk's office shall provide the Federal Public Defender's Office, Petitioner, the Nebraska Attorney General, and Magistrate Judge Zwart with a copy of this Memorandum and Order.

DATED this 1st day of May, 2012.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.