IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| L.T. THOMAS, | ) | 4:11CV3161 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| ROBERT HOUSTON, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on Petitioner's Motion for Leave to File a Second Amended Petition for Writ of Habeas Corpus, and Respondent's Objection to the Motion. (Filing Nos. 33 and 34.) Also pending is Respondent's Motion to Extend Reply Brief. (Filing No. 35.)

Petitioner filed an Amended Petition for Writ of Habeas Corpus ("Amended Petition") on August 10, 2012. (Filing No. 26.) Petitioner has fully briefed the issues he raised in his Amended Petition. (Filing No. 32.) Respondent has filed an Answer and Brief in response to the Amended Petition (Filing Nos. 29 and 30), but has not yet filed his Reply Brief.

Petitioner seeks leave to amend in order to add a claim that his rights to due process and to a fair trial were violated when Crime Scene Investigator David Kofoed tampered with and destroyed evidence material to Petitioner's self-defense claim ("the Kofoed issue"). (Filing No. 33; Filing No. 36 at CM/ECF p. 20.) Respondent opposes the amendment, arguing that the new claim is, on its face, either unexhausted or procedurally barred. (Filing No. 34 at CM/ECF p. 2.)

Pursuant to 28 U.S.C. § 2242, an application for writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." Federal Rule of Civil Procedure 15 provides, in relevant part, that "a party

may amend its pleading" with leave of the court, which shall be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2).

Upon careful consideration, and in light of the liberal standard for amending or supplementing pleadings, the court will grant Petitioner's Motion for Leave to File a Second Amended Petition for Writ of Habeas Corpus. In addition, the court will provide the parties with a briefing schedule for addressing the amended claim.

IT IS THEREFORE ORDERED that:

1. Petitioner's Motion for Leave to File a Second Amended Petition for Writ of Habeas Corpus is granted. (Filing No. 33.)

2. The clerk's office is directed to modify the docket text to reflect that Filing Number 36 is Petitioner's Second Amended Petition for Writ of Habeas Corpus.

3. Respondent's Objection to Petitioner's Motion is overruled. (Filing No. 34.)

4. Respondent's Motion to Extend Reply Brief is granted as set forth below. (Filing No. 35.)

5. By December 3, 2012, Respondent shall file an answer to the Second Amended Petition. The answer must be accompanied by a separate brief that addresses the Kofoed issue. In this brief, Respondent need not address the other five issues raised in the Second Amended Petition, but may instead rely on his discussion of these issues in his September 11, 2012, Brief (Filing No. 30).

6. No later than 30 days following the filing of Respondent's answer and brief, Petitioner shall file and serve a brief in response addressing the "Kofoed issue." In this brief, Petitioner need not address the other five issues raised in the Second Amended Petition, but may instead rely on his discussion of these issues in his October 11, 2012, Reply Brief (Filing No. 32).

7. No later than 30 days after the filing of Petitioner's brief, Respondent shall file and serve a reply brief that addresses all six issues raised in the Second Amended Petition (Filing No. 36), Petitioner's Reply Brief (Filing No. 32), and Petitioner's brief on the Kofoed issue.

8. The clerk's office is directed to set a pro se case management deadline in this case using the following text: March 3, 2013: check for parties' briefs.

DATED this 19th day of October, 2012.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.